No. 23-2692

# UNITED STATES COURT OF APPEALS
# FOR THE EIGHTH CIRCUIT

COMBINED AIRCRAFT OWNERSHIP, LLC,

                              Appellant,

v.

LEARJET, INC. d/b/a
BOMBARDIER AIRCRAFT SERVICES,

                              Appellee.

On appeal from the Order of the United States District
Court for the District of North Dakota
entered on June 21, 2023, at Civil Action No. 3:22-cv-00202-PDW-ARS

## APPELLANT'S REPLY BRIEF

Randolph E. Stefanson, Esquire
N.D. I.D. #02643

Stefanson Law
403 Center Avenue, Suite 302
Moorhead, MN 56560
(218) 236-1925
rs@stefansonlaw.com

Counsel for Appellant

# TABLE OF CONTENTS

TABLE OF AUTHORITIES...................................................................................ii

I. BAS improperly requests inferences in its favor based upon matters entirely dehors the record on appeal........................................................................ 1

II. CAO is entitled to re-file in the District Court or file in another court, and file against additional parties and include new facts and claims................. 3

CONCLUSION ........................................................................................... 5

COMBINED CERTIFICATIONS ................................................................ 6

# TABLE OF AUTHORITIES

**Cases**

*Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) .................................................................. 3

*Atkinson v. McLaughlin*, 462 F. Supp.2d 1038 (D. N.D. 2006) ............................... 5

*Bath Junkie Branson, L.L.C. v. Bath Junkie, Inc.*, 528 F.3d 556, 559-60 (8th Cir. 2008) ................................................................................................................. 4

*Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007) ....................................................... 3

*Braden v. Wal-Mart Stores, Inc.*, 588 F.3d 585 (8th Cir. 2009) ............................... 3

*Erickson v. Pardus*, 551 U.S. 89 (2007) ........................................................................ 3

*Huelsman v. Civic Ctr. Corp.*, 873 F.2d 1171 (8th Cir. 1989) .................................. 4

*Britt v. DeJoy*, 45 F.4th 790 (4th Cir. 2022) ................................................................. 5

*Semtek Int'l, Inc. v. Lockheed Martin Corp.*, 531 U.S. 497 (2001) .......................... 5

**Statutes**

N.D.C.C. § 28-01-16(5) .................................................................................................. 5

**Rules**

Fed.R.App.P. 10(a) ......................................................................................................... 4

ARGUMENT

I. *BAS improperly requests inferences in its favor based upon matters entirely dehors the record on appeal.*

In discussing the plausibility standard, BAS' Brief is littered with requests that the Court infer that BAS would not "act against its self-interest" and refuse to "transact with third-party suppliers" to CAO's detriment. (*See, e.g.*, Br. of Appellee at 10, 20). BAS goes so far as to state that "[i]t defies common sense to think that BAS would forgo a sales opportunity – which does not expose it to CAO counterparty risk – purely to spite a former customer." (*Id.*, at 20).[1] In essence, without any record foundation BAS argues that the Court should draw all inferences in its favor on appeal. This obviously defies the edict that in considering a motion to dismiss all inferences are to be drawn in favor of the non-moving party. *Braden v. Wal-Mart Stores, Inc.*, 588 F.3d 585, 595 (8th Cir. 2009) (citation omitted).[2] And, neither *Twombly* nor *Iqbal* "change[d] this fundamental tenet of Rule 12(b)(6) practice." *Id.* (citations omitted). All that is required is a plaintiff "plead facts indirectly showing unlawful behavior, so long as the facts

---

[1] This, of course, flies in the face of BAS's blanket refusal to sell parts as long as CAO owns the Aircraft. (App. 11; R. Doc. 1 at 7).
[2] BAS even has the gumption to assert that inferences should not be drawn in CAO's favor. (Br. of Appellee at 18).

1

plead 'give the defendant fair notice of what the claim is and the grounds upon which it rests'... and 'allow[] the court to draw the reasonable inference' that the plaintiff is entitled to relief." *Id.* (quoting *Erickson v. Pardus*, 551 U.S. 89, 93 (2007), in turn quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007), and *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)).

Given BAS' pleas of innocence in its Brief, it is on fair notice of the claims against it in CAO's Complaint and the grounds upon which they rest. Further, drawing all reasonable inferences in favor of CAO, including that BAS refuses to sell parts to third parties contracted with CAO upon learning the serial number of the Aircraft, CAO is entitled to relief against BAS for its tortious conduct.

BAS, a subsidiary of "one of the world's largest business aircraft manufacturers" (Br. of Appellee at 2), also attempts to excuse its tortious conduct on appeal by claiming that the Covid-19 pandemic resulted in supply chain disruption to BAS.[3] (Br. of Appellee at 18-20). BAS' alleged "facts" are not contained in the record on appeal and should be summarily rejected and stricken. *Bath Junkie Branson, L.L.C. v. Bath Junkie, Inc.*, 528 F.3d 556, 559-60 (8th Cir. 2008) ("An appellate court can properly consider only the record and facts before

---

[3] BAS also asserts that it had nothing but the best intentions in dealing with CAO. (Br. of Appellee at 20). The record in the Arizona action, which details BAS having held CAO's aircraft hostage while demanding full payment for fabricated and padded charges, certainly belies BAS' position. (App. 9, R. Doc. 1 at 5).

2

the district court and thus only those papers and exhibits filed in the district court can constitute the record on appeal.") (quoting *Huelsman v. Civic Ctr. Corp.*, 873 F.2d 1171, 1175 (8th Cir. 1989); Fed.R.App.P. 10(a).

  II. *CAO is entitled to re-file in the District Court or file in another court, and file against additional parties and include new facts and claims.*

The District Court dismissed CAO's Complaint without prejudice and without leave to amend, and simultaneously entered a judgment. (App. at 318; R. Doc 23 at 7; App. at 319; R. Doc. 24). On June 21, 2023, the District Court's Order granting BAS' Motion to Dismiss became final and appealable. *See Britt v. DeJoy*, 45 F.4th 790, 796 (4th Cir. 2022) (when a district court dismisses a complaint without prejudice without providing leave to amend, the order dismissing the complaint is final and appealable). To preserve the issues, CAO filed the Notice of Appeal. (App. at 3-4; R. Doc. 26).

BAS in its Brief argues without any supporting authority that CAO somehow is foreclosed from commencing a new action by virtue of filing the Notice of Appeal, and the District Court's dismissal without prejudice should morph into a dismissal with prejudice. (Br. of Appellee at 10-11, 22). BAS could not be more wrong. CAO is entitled to re-file in the District Court or file in another court, and file against additional parties and include new facts and claims. *See Semtek Int'l, Inc. v. Lockheed Martin Corp.*, 531 U.S. 497, 505-06 (2001)

3

("dismissal without prejudice" does not "bar[] the plaintiff from returning later, to the same court, with the same underlying claim" and will "have the consequence of not barring the claim from *other* courts[.]" (Emphasis it original).[4]

---

[4] The statute of limitations for CAO's interference claim is six years. N.D.C.C. § 28-01-16(5); *Atkinson v. McLaughlin*, 462 F. Supp.2d 1038, 1058 (D. N.D. 2006). The Court in *Atkinson* also noted that the Supreme Court of North Dakota "clarified what is required under the third element [of a claim for unlawful interference with business] and stated that the plaintiff need not prove an independent tort to establish an independently tortious act..... Rather, ... the plaintiff must prove that the defendant's conduct would be actionable under a recognized tort." *Atkinson*, 462 F. Supp.2d at 1058.

4

## CONCLUSION

Drawing all inferences in favor of CAO, BAS is on fair notice of the claims against it in CAO's Complaint and the grounds upon which they rest. CAO's tortious interference claim is more than adequately pled.

For all the aforementioned reasons, and those set forth in CAO's principal brief, this Court should reverse and remand to the District Court.

Respectfully submitted,

*s/Randolph E. Stefanson*
Randolph E. Stefanson
N.D. I.D. #02643
403 Center Avenue, Suite 302
Moorhead, MN 56560
(218) 236-1925
rs@stefansonlaw.com
Counsel for Appellant

# COMBINED CERTIFICATIONS

## Certificate Of Bar Membership

I, Randolph E. Stefanson, hereby certify that I am a member in good standing of the bar of the United States Court of Appeals for the Eighth Circuit.

                                          *s/Randolph E. Stefanson*
                                          Randolph E. Stefanson, Esquire
                                          Counsel for Appellant

## Certificate Of Compliance With Type-Volume Limitation, Typeface Requirements, and Type-Style Requirements

This brief complies with the type-volume limitation of Fed.R.App.P. 32(a)(7)(B)(ii) because this brief is lees than one-half the length of CAO's principal brief.

This brief complies with the typeface requirements of Fed.R.App.P. 32(a)(5) and the type style requirements of Fed.R.App.P. 32(a)(6) because this brief has been prepared in a proportionately spaced typeface using Microsoft Word in font size 14 using Times New Roman type style.

                                          */s/Randolph E. Stefanson*
                                          Randolph E. Stefanson, Esquire
                                          Counsel for Appellant

## Certificate of Use of
## A Virus Detection Program

I, Randolph E. Stefanson, hereby certify that prior to the electronic filing of the Appellant's Brief an Anti-Virus virus detection program was run on the electronic file and that no virus was detected.

*/s/Randolph E. Stefanson*
Randolph E. Stefanson, Esquire
Counsel for Appellant

## Certificate Of Service

I, Randolph E. Stefanson, hereby certify that on November 30, 2023, a copy of the foregoing Appellant's Reply Brief was electronically filed with the Eighth Circuit Court of Appeals, and service was made upon counsel of record for the Appellee through the Court's electronic docketing system (CM/ECF) to counsel of record for the Appellee addressed as follows:

> Anne C. Lefever
> Stephanie Coughlan
> Pillsbury Winthrop Shaw Pittman
> 31 West 52nd Street
> New York, New York, 10019
>
> Robin Wade Forward
> Stinson LLP
> 424 South 3rd Street
> Bismark, ND 58504

/s/Randolph E. Stefanson
Randolph E. Stefanson, Esquire
Counsel for Appellant